Dear Senator Staples:
This opinion letter is in response to your question asking:
 If a county does not provide for the pensioning of its officers and employees under the Missouri Local Government Employees' Retirement System, may a county health center established pursuant to Chapter 205, RSMo 1986, provide for the pensioning of its officers and employees under the Missouri Local Government Employees' Retirement System?
This office addressed a similar question in Opinion No. 225, Banta, 1974, a copy of which is enclosed. In that opinion, this office concluded a county health center established pursuant to Chapter 205, RSMo 1969, was not a political subdivision as defined in Section 70.600(19), RSMo Supp. 1973, but was a part of the county government. You request that we reexamine that opinion in light of the statutory changes that have occurred since the date of that opinion.
Sections 70.600 through 70.755, RSMo, provide for the Missouri Local Government Employees' Retirement System. Section 70.610, RSMo 1986, provides, "[e]ach political subdivision, by a majority vote of its governing body, may elect to become an employer and cover its employees under the system. . . ." Section 70.600(19) as enacted by Senate Committee Substitute for House Bill No. 1098, 84th General Assembly, Second Regular Session (1988), defines "political subdivision" as follows:
 (19) "Political subdivision", any governmental subdivision of this state created pursuant to the laws of this state, and having the power to tax, except public school districts; a board of utilities of any constitutional charter city which is required by charter to establish the compensation of employees of the utility separate from the compensation of other employees of the city may be considered a political subdivision for purposes of sections 70.600 to 70.755;
Sections 205.010, RSMo 1986 et seq. provide for county health centers. In your opinion request, you point out that the statutes have been revised since the date of our prior opinion so that a county health center now has its own treasurer rather than the county health center funds being required to be held in the county treasury. This change in Section 205.042 occurred in 1982. See Laws of Missouri, 1982, page 374. This change does not result in a county health center being a separate political subdivision rather than continuing to be a part of the county. See
Attorney General Opinion Letter No. 182-87, a copy of which is enclosed, wherein this office concluded a county hospital, even though the statutes had been revised to provide for the office of treasurer of the county hospital board of trustees, had no power to borrow money on a short term basis from a financial institution. We have also reviewed the other statutory changes that have occurred since the date of Opinion No. 225, Banta, 1974. Despite the statutory changes, we believe the conclusion and reasoning of our prior opinion is still applicable.
It is the opinion of this office that a county health center is not a separate political subdivision as defined in Section 70.600(19) as enacted by Senate Committee Substitute for House Bill No. 1098, 84th General Assembly, Second Regular Session (1988) and may not provide for the pensioning of its officers and employees under the Missouri Local Government Employees' Retirement System when the county has not so provided.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General